UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

**05 11276 WGY**

```
*********************************
JOSEPH LIMBERT,                  *
        Plaintiff                *
                                 *
    v.                           *   COMPLAINT
                                 *
                                 *
REX LUMBER COMPANY,              *
        Defendant                *
*********************************
```

RECEIPT # 65093
AMOUNT $ 30.00
SUMMONS ISSUED 1
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. MS
DATE 6/17/2005

MAGISTRATE JUDGE RBC

1. This is an action for violation of the Family and Medical Leave Act (29 U.S.C. § 2601, et seq.)

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

3. Venue in the District of Massachusetts is proper under 28 U.S.C. §1391(b). The employment practices hereafter alleged to be unlawful were committed in the Commonwealth of Massachusetts.

4. Plaintiff Joseph Limbert is a resident of Fitchburg, Massachusetts.

5. Defendant Rex Lumber Company ("Rex Lumber") is a corporation headquartered in Acton, Massachusetts. It employs fifty or more employees at its Acton, Massachusetts, location.

6. Rex Lumber hired Limbert to work full time on September 18, 2002.

7. Limbert suffers from gout.

8. Limbert went home from work early on Wednesday, November 10, 2004, complaining of a sore foot, which was caused by his gout.

9. Thereafter Limbert was incapacitated because of his gout for at least eight consecutive calendar days until at least Thursday, November 18, 2004.

10. During this period of incapacity Limbert was under the continued treatment of his physician -- Dr. Stephen Child -- and was receiving a new medication, namely Cocilin, for swelling and pain attributable to his gout.

11. During the 12 months immediately prior to this incapacity Limbert had worked at least 1,250 hours for Rex Lumber.

12. During his incapacity and absence, Limbert called into Rex Lumber on Thursday, November 11, 2004, Monday, November 15, 2004, Tuesday, November 16, 2004 and Thursday, November 18, 2004, to advise Rex Lumber of his absence due to medical reasons.

13. On Tuesday, November 16, 2004, Limbert specifically informed Dennis Malone, the Rex Lumber Day Foreman, that he was going to the doctors.

14. Later that same day, Tuesday, November 16, 2004, Limbert specifically informed Robert James, the Rex Lumber Night Foreman, that he was on a new prescription and would not be into work until November 18, 2004, at the earliest.

15. Under the Family and Medical Leave Act (29 U.S.C. §2601, et seq.), employers with 50 or more employees must provide up to 12 weeks of unpaid leave during any 12 month period due to the "serious health condition" of an employee.  Also, a "serious health condition" is defined to include any incapacity for more than three consecutive calendar days requiring continued treatment from a health care provider. It is the responsibility of the employer to designate leave as FMLA leave as soon as the employer has sufficient information that the leave is for a FMLA reason.

16. Limbert was eligible for a leave of absence under the FMLA due to his incapacity for more than three consecutive calendar days requiring continued treatment from a health care provider.

17. Rex Lumber no later than by Tuesday, November 16, 2004, knew or should have known that Limbert's absence was for a FMLA reason.

18. Despite this information, Cheryl Bieren, the Mill Manager for Rex Lumber, fired Limbert on November 18, 2004, for absenteeism despite that fact that Limbert specifically told Bieren that he had a note from his doctor with regard to his incapacity and absence.

19. Limbert's absence from work qualified as a FMLA leave. Rex Lumber therefore could not legally label it "unexcused" and fire him for that absence.

20. By refusing to recognize his FMLA leave of absence and by instead terminating Limbert during the time when he should have been on a FMLA leave, Rex Lumber violated the Family and Medical Leave Act.

21. Because of Rex Lumber's violation of the Family and Medical Leave Act, Limbert has lost income and benefits and suffered significant pain and anguish.

WHEREFORE plaintiff demands:

A. Judgment against the defendant;

B. Reinstatement;

C. All lost wages and benefits;

D. Compensatory damages;

E. Punitive damages;

F. Attorney's fees;

G. Interest and costs; and

H. Any other remedy this Court deems meet and just.

                                  Joseph Limbert
                                  By his attorney

                                  Scott A. Lathrop, Eq.
                                  Scott A. Lathrop & Associates
                                  122 Old Ayer Road
                                  Groton, MA 01450
                                  (978) 448-8234
                                  BBO No. 287820

Dated: June 16, 2005

PLAINTIFF DEMANDS A JURY TRIAL

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
JOSEPH LIMBERT

## DEFENDANTS
REX LUMBER COMPANY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __WORCESTER__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __MIDDLESEX__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
SCOTT A. LATHROP, P.C.
122 OLD AYER ROAD
GROTON, MA 01450
978-448-8234

ATTORNEYS (IF KNOWN)
05 11276 WGY

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

VIOLATION OF FAMILY AND MEDICAL LEAVE ACT (29 USC 2601)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ LOST MONIES

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
NONE
JUDGE _____ DOCKET NUMBER _____

DATE 6/10/05
SIGNATURE OF ATTORNEY OF RECORD /s/ Scott A. Lathrop

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __LIMBERT v. REX LUMBER__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
            740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05 11276 WGY

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   __NONE__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   __NO__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __NO__
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __NO__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES __NO__ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES __NO__

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES __NO__ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __EASTERN__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION __NO__ OR WESTERN SECTION __NO__

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____SCOTT A. LATHROP____
ADDRESS ____122 OLD AYER ROAD, GROTON, MA 01450____
TELEPHONE NO. ____978-448-8234____

(Category.frm - 09/92)