UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH LIMBERT,<br><br>    Plaintiff,<br><br>v.<br><br>REX LUMBER COMPANY, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)  CIVIL ACTION NO. 05-11276-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT

Defendant Rex Lumber Company, by its undersigned attorneys, hereby responds to the allegations in Plaintiff's Complaint as follows:

1. The allegation contained in Paragraph 1 characterizes the nature of Plaintiff's claim and, therefore, requires no response.

2. The allegation contained in Paragraph 2 states a conclusion of law to which no responsive pleading is required.

3. The allegations contained in Paragraph 3 state conclusions of law to which no responsive pleading is required.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5. Defendant admits the allegations contained in Paragraph 5 or the Complaint.

6. Defendant admits only that it formerly employed Plaintiff on a full-time basis and that Plaintiff's first day of work was September 18, 2002.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8. Defendant admits only that Plaintiff left his shift early on Wednesday, November 10, 2004, complaining of a sore foot and denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant admits only that Plaintiff worked at least 1,250 hours during the 12-month period immediately preceding November 10, 2004 and denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits only that Plaintiff spoke by telephone or left telephone messages with Company employees on November 11, 15, 16 and 18, 2004 and denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits only that on November 16, 2004 Plaintiff telephoned Robert James and stated that he was on a new prescription. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states conclusions of law to which no responsive pleading is required.

16. Paragraph 16 of the Complaint states conclusions of law to which no responsive pleading is required.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits only that it terminated Plaintiff's employment on November 18, 2004 and that Mill Manager Cheryl Bieren sent Plaintiff a letter notifying him of his termination. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. The first sentence of Paragraph 19 of the Complaint states a legal conclusion to which no responsive pleading is required. Defendant denies the allegation contained in the second sentence of Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate damages, if any, he is not entitled to recover damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional affirmative defenses.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its attorneys' fees and costs in defending this action and any other relief this Court deems just and proper.

Respectfully submitted,

**REX LUMBER COMPANY, INC.**

By its attorneys,

/s/ Brian P. Pezza
Katherine A. Hesse, Esq. BBO# 232540
Brian P. Pezza, Esq. BBO# 651076
MURPHY, HESSE, TOOMEY & LEHANE
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000 (phone)
(617) 479-6469 (fax)

Dated: August 2, 2005